IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Criminal Action No. 09-cr-00056-PAB-1

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.  JOSE GARCIA-SANCHEZ,

    Defendant.

_____

**ORDER**
_____

This matter comes before the Court on defendant Jose Garcia-Sanchez's Objection to Protective Order Regarding Jencks Act Material and Rule 16 Material Entered April 17, 2009 [Docket No. 102].  On April 17, 2009, the Court entered a Protective Order [Docket No. 101] that, among other things, required "that, at the conclusion of the case, the materials subject to this Order shall be returned to the government."

Defendant Garcia-Sanchez objects to this provision of the Protective Order on the ground that the Colorado Rules of Professional Conduct require an attorney to retain for seven years "[c]opies of those portions of each client's case file reasonably necessary for a complete understanding of the financial transactions pertaining thereto."  Rule 1.15(j)(8), Colorado Rules of Professional Conduct.  Defendant states that the "materials subject to the Protective Order would certainly comprise items covered by 1.15(j)(8)."  Objection at 2.  The Court is not convinced.  Defendant does

not explain why it would be necessary to possess the protected documents themselves, as opposed to information about the general nature or number of the protected documents, in order to be able, at some future time, to understand the "financial transactions" related to such documents.  The Court has not found any opinions of the Office of the Presiding Disciplinary Judge of the Supreme Court of Colorado or other authority suggesting that an attorney in a criminal case must retain documents subject to a protective order in order to comply with Rule 1.15(j)(8).

      Defendant also objects to the above-referenced portion of the Protective Order on the ground that, if a court or attorney regulatory body were to ask his attorney to "explain his actions" at some future point, his attorney would be unable to defend himself "[w]ere counsel to surrender these materials to the Government at the conclusion of this matter."  Objection at 2.  Once again, the Court has found no authority for such proposition, nor has the defendant cited any.  Given that Rule 3.4(c) of the Colorado Rules of Professional Conduct states that a lawyer shall not "knowingly disobey an obligation under the rules of a tribunal," it would seem that defendant's attorney would, in fact, have a defense if challenged in a future proceeding, namely, that he was complying with a court order.  Moreover, under the terms of the Protective Order, at the conclusion of the case the defendant can ask the government to exempt some or all of the protected documents produced to defendant from the terms of the Protective Order or ask that the government retain such protected materials for seven years in the event of an inquiry by a court or attorney regulatory body.  Finally, defendant can, at the conclusion of the case, move the Court to modify the Protective Order to require the government to retain such protected documents for a seven-year

period.  These options provide reasonable avenues for the defendant's counsel to protect his professional responsibilities without retaining protected documents after the conclusion of the case.  Wherefore, it is

ORDERED that defendant Garcia-Sanchez's Objection to Protective Order Regarding Jencks Act Material and Rule 16 Material Entered April 17, 2009  [Docket No. 102] is overruled.

DATED June 12, 2009.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge