IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Criminal Case No. 09-cr-00056-PAB-1

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. JOSE GARCIA-SANCHEZ,

    Defendant.

___

**ORDER**
___

This matter is before the Court on defendant Jose Garcia-Sanchez's Motion for Plain Error Review [Docket No. 1203]. The government has filed a response opposing the motion. Docket No. 1210.

Mr. Garcia-Sanchez pled guilty to conspiracy to distribute 50 grams or more of methamphetamine and 500 grams or more of a substance containing methamphetamine, and 500 grams or more of a substance with a detectable amount of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii), (b)(1)(ii)(II), and 846. *See* Docket No. 565. The Court sentenced Mr. Garcia-Sanchez to 360 months imprisonment. *See* Docket No. 875. Mr. Garcia-Sanchez appealed his sentence to the Tenth Circuit as procedurally unreasonable. *See* Docket No. 1008 at 2. The Tenth Circuit affirmed. *See id.* at 4. Subsequently, Mr. Garcia-Sanchez filed a motion pursuant to 28 U.S.C. § 2255, arguing that he was provided ineffective assistance of counsel, *see* Docket No. 1026, which the Court denied. *See* Docket No. 1077.

Mr. Garcia-Sanchez's motion requests "plain error review" based on the Supreme Court's Decision in *Welch v. United States*, 136 S. Ct. 1257 (2016), which made *Johnson v. United States*, 576 U.S. 591 (2015), retroactive. *See* Docket No. 1203 at 1. As a result of *Johnson*'s retroactive application, Mr. Garcia-Sanchez appears to request that his prior convictions be reclassified in an attempt to reduce his total sentence. *See id.* at 1 ("Petitioner firmly believes that he can benefit from the U.S. Supreme Court's recent invalidation of a vague definition of 'violent felon,' and that some of his prior convictions shouldn't have been classified as violent felonies, nor used to enhance petitioner's sentence.").

After a defendant's sentence becomes final, a "§ 2255 motion is the exclusive remedy for testing the validity of a judgment and sentence, unless it is inadequate or ineffective." *See Thigpen v. Daniels*, 475 F. App'x 306, 307 (10th Cir. 2012) (unpublished). "Courts have found a remedy under 28 U.S.C. § 2255 to be inadequate or ineffective only in extremely limited circumstances, such as when the sentencing court has been abolished, refuses to consider the application altogether, or delays consideration inordinately." *See id.* at 308 (quotations and citations omitted). However, "[f]ailure to obtain relief under 2255 does not establish that the remedy so provided is either inadequate or ineffective." *See Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996). Neither does being "barred from filing additional § 2255 petitions mean that the remedy is inadequate or ineffective." *See Thigpen*, 475 F. App'x at 308 (citing *Caravalho v. Pugh*, 177 F.3d 1177, 1179 (10th Cir. 1999)).

Here, Mr. Garcia-Sanchez does not argue that § 2255 is inadequate or unavailable, and the Court finds no reason for so concluding. Rather, Mr. Garcia-

Sanchez argues that his motion is not a claim under § 2255, but simply "a petition . . . that if any of the changes in the definition of 'violent felon' benefit in any way or impact" his sentence, the Court should modify it. *See* Docket No. 1213 at 3. However, given that § 2255 is the exclusive means of attacking the validity of his sentence, it is unclear how else the Court would have authority to modify the sentence except through that provision. Moreover, a pleading "asserting a new ground for relief . . . is advancing a new claim" and is treated as a successive § 2255 claim, regardless of the pleading's title. *See United States v. Nelson*, 465 F.3d 1145, 1147-49 (10th Cir. 2006) ("[T]he relief sought, not [the] pleading's title, [] determines whether a pleading is a § 2255 motion"). Mr. Garcia-Sanchez asserts a new claim based on *Johnson* and attacks the validity of his sentence; he does not bring a claim based on any "procedural error in the disposition of his original habeas motion." *Id.* at 1148. As a result, the Court finds that Mr. Garcia-Sanchez's motion is one under § 2255 and that there are no grounds for finding that remedy inadequate or unavailable.[1]

Because Mr. Garcia-Sanchez has already filed a § 2255 motion, *see* Docket Nos. 1026, 1077, he must meet the statutory requirements for filing a successive § 2255 motion. *See* 28 U.S.C. § 2255(h). "A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals." *See id.* Mr. Garcia-Sanchez makes no reference to seeking certification from the Tenth Circuit to file a second § 2255 motion. A court lacks jurisdiction to hear a successive

---

[1] While a court should offer a movant the opportunity to withdraw his motion before characterizing it as a § 2255 motion when the motion would be the movant's first § 2255 motion, such action is not necessary for successive § 2255 motions. *See id.* at 1149.

3

§ 2255 claim until the appropriate authorization has been granted.  *See In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008).  When a court lacks jurisdiction, it has two options: transfer the matter to the appropriate court of appeals if it is in the interest of justice to do so or dismiss the motion for lack of jurisdiction.  *Id.*  As relevant here, courts should also consider whether the claim would be time barred or if the claims alleged likely have merit.  *Id.* at 1251.

To be timely, a motion under § 2255 must be filed within one year of either the date the conviction becomes final or "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."  28 U.S.C. § 2255(f)(3).  A motion will be timely as long as it "invoke[s] the newly recognized right," regardless of the merits underlying the claim.  *See United States v. Snyder*, 871 F.3d 1122, 1126 (10th Cir. 2017).  Mr. Garcia-Sanchez brings a claim pursuant to the Supreme Court's 2015 decision in *Johnson v. United States*, 576 U.S. 591 (2015), which was made retroactive by the Supreme Court's decision in *Welch v. United States*, 136 S. Ct. 1257, 1265 (2016).  Pursuant to § 2255(f)(3), the limitations period begins to run on the date the right was initially recognized, even if it was later made retroactive.  *See* 28 U.S.C. § 2255(f)(3); *see also Snyder*, 871 F.3d at 1126 (noting that a motion was filed within a year of the Supreme Court's *Johnson* decision).  Mr. Garcia-Sanchez's motion, however, was filed nearly four years after the Supreme Court's decision in *Johnson*.[2]  *See* Docket No. 1203.  As a result, it is not timely.

---

[2] The Court notes that Mr. Garcia-Sanchez did file a motion for appointment of counsel regarding his *Johnson* claim on June 27, 2016.  *See* Docket No. 1197.  However, Mr. Garcia-Sanchez's intention to file a *Johnson* claim is not the same as

4

Because it is not timely, the Court finds that the interests of justice do not support transferring the motion to the Tenth Circuit. Therefore, the Court dismisses the motion for lack of jurisdiction.[3]

Wherefore, it is

**ORDERED** that the Motion for Plain Error Review [Docket No. 1203] is **DENIED**. It is further

**ORDERED** that the Motion for Appointment of Counsel [Docket No. 1197] is **DENIED**. It is further

**ORDERED** that the Motion for Reconsideration of Order Denying Rule 18 U.S.C. § 3582(c)(2) [Docket No. 1170] is **DENIED**.

DATED January 21, 2021.

BY THE COURT:

_____
PHILIP A. BRIMMER
Chief United States District Judge

---

filing one and, given that his request was made more than one year after the *Johnson* decision, it is untimely in any event. Additionally, given that any potential motion pursuant to *Johnson* would be untimely and Mr. Garcia-Sanchez failed to file any financial affidavit with his motion for appointment of counsel, the Court will deny that motion.

[3] Mr. Garcia-Sanchez also filed a motion for the Court to reconsider its decision denying his motion under 18 U.S.C. § 3582(c)(2) for a reduction in his sentence. *See* Docket No. 1170. The Court denied the motion because it had been referred to the Federal Public Defender's Office. *See* Docket No. 1079. Although Mr. Garcia-Sanchez styles his motion as a motion to reconsider, the Court considers it a motion under § 3582(c)(2) given that the Federal Public Defender's Office did not file a supplemental or superseding motion. Mr. Garcia-Sanchez provides no indication that the sentencing guidelines have changed since sentencing such that § 3582(c)(2) is applicable. As a result, the Court will deny the motion.